### J. M. Reynolds *v.* The State.

1. Carrying Weapons.—The act of April 12, 1871 (Pasc. Dig., Art. 6512), made the carrying of a pistol, or certain other weapons, a misdemeanor, except under certain circumstances specified in the act. *Held*, that the courts have no authority to extend the exceptions beyond cases embraced in a fair construction of the act itself.

2. Same.—To a prosecution for carrying a pistol, in violation of the act of

1871, the defense was that, on the occasion in question, the defendant, having no other means of killing a beef, carried the pistol for that necessary purpose. *Held*, no defense.

APPEAL from the District Court of Lavaca. Tried below before the Hon. W. H. BURKHART.

The evidence for the state consisted of the testimony of Henry Griffith, who stated that he and the defendant went together to kill witness' yearling, which was fat and wild; that witness had no gun that would shoot, and therefore loaded his pistol, with which to kill the yearling in case they could not pen it; that defendant carried the pistol swung to the horn of his saddle, and they went only in search of the animal, and carried the pistol for no other purpose.

The court below refused to instruct the jury, at the request of the defendant, that, if they believed the facts to be as above outlined, they should acquit, but charged them to the contrary effect; to which ruling the defendant reserved exceptions.

The jury found the defendant guilty, and assessed his fine at $25.

*V. & O. Ellis*, for the appellant. The district judge must have regarded the case at bar as similar to, and involving the same principles as, the cases of *Titus* v. *The State*, 42 Texas, 579, and *Baird* v. *The State*, 38 Texas, 600; but an examination of those cases will show that the defenses relied on, and the principles therein involved, are entirely dissimilar to the case at bar.

In the case of *Baird* v. *The State*, 38 Texas, 600, appellant was convicted of carrying a pistol while hog hunting. His defense was that, when seen with the pistol, he was at his usual place of business, to wit, in the woods where his hogs usually ran. No necessity whatever was shown for carrying the pistol on the occasion.

In the case of *Titus* v. *The State*, 42 Texas, 579, the appellant had been convicted of carrying a pistol while hunting, the inference being that he was hunting game as a pleasurable recreation ; no necessity being shown, on the trial, either for the occupation in which he was engaged or for the use of the weapon with which he was pursuing such occupation.

In the last cited case the supreme court say : "The unnecessary carrying of the weapons around seems to be the evil aimed at by the act," etc.   It follows that, when a necessity exists for carrying a pistol or other deadly weapon, the case is not within the intent or purview of the act, even though the circumstances under which the weapon was carried are not embraced within any of the exceptions defined in the statute, the question being one of intent or necessity. "There can be no violation of a criminal law without an intention to violate it."   *Waddell* v. *The State*, 37 Texas, 354.

The charges asked by defendant's counsel are believed to be correct legal propositions, and directly applicable to the facts proved on the trial.   These charges directed the attention of the jury to the questions of the defendant's intent, and the necessity under which he acted, and we respectfully submit that the refusal of the court to give them to the jury was error, for which the case should be reversed and remanded.

*George McCormick*, Assistant Attorney General, for the State.

Ector, Presiding Judge.   This is a cause in which the defendant appealed from a conviction for carrying a pistol, in violation of Article 6512, Paschal's Digest of the Laws of Texas.   The defense is that the defendant, with one Griffith, left the house of the latter to hunt a yearling, on the occa-

sion referred to in the indictment; that he took a pistol to kill the yearling, and that they had no other means at hand of killing it.

It is, in effect, contended by the counsel for the defendant that there was a necessity for carrying the pistol; and that, where a necessity exists for carrying a pistol or other deadly weapon, the case is not within the intent or purview of the Article referred to, even though the circumstances under which the pistol was carried are not embraced within any of the exceptions defined in the statute, the case being one of necessity.

The act of April 12, 1871, entitled "An act to regulate the keeping and bearing of deadly weapons," if properly enforced, would add greatly to the protection of the citizen in person and property, and to the peace and quiet of the country. At the same time it should be executed in the spirit for which it was intended, for the good of the citizen, and not to entrap the unwary and unsuspecting, who intend no wrong. If the enforcement of the law works an apparent hardship in a few instances, the same is true of other human laws. Every good citizen should submit to a faithful execution of the law while it is in force.

We do not believe that the legislature ever intended that so extended an interpretation should be put upon this law as is claimed by defendant's counsel. Certainly we have no authority to extend the exceptions beyond those embraced in a fair construction of the act itself. If the legislature intended to allow every man to carry a pistol about in the neighborhood with him whenever he thought a necessity for it existed, how easy would it have been to have provided, in the 1st section of the act, that this section shall not be so construed as to prohibit any person from carrying arms whenever engaged in the necessary discharge of his business.

This presents no material difference from the case of *Baird* v. *The State*, 38 Texas, 600, where the defendant

·was convicted for carrying his gun off of his premises, "hog .hunting," or the case of *Titus* v. *The State*, 42 Texas, 579, ·where the defendant was convicted for carrying a pistol with him while "hunting."

We find no error committed by the court in the trial of ·the cause. The judgment is, therefore, affirmed.

*Affirmed.*